**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MADISON A NEWELL** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO:** |
| | § | |
| **UNIVERSITY OF NORTH TEXAS HEALTH SCIENCE WILLED BODY PROGRAM** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Madison A. Newell ("Newell" or "Plaintiff") presents this, her Original Complaint against Defendant University of North Texas Health Science Willed Body Program ("UNT" or "Defendant") and for causes of action would show the Court as follows:

**I.**

**INTRODUCTION**

1.01 Plaintiff brings this action for sex discrimination, sex harassment, and unlawful retaliation under Title VII and Chapter 21 of the Texas Labor Code.

**II.**

**PARTIES**

2.01 Plaintiff, Madison Newell Christina Bellanger is a citizen and resident of the State of Texas. Plaintiff resides at 138 Summit Ridge Springtown, Texas 76802 and may be reached through the undersigned counsel.

2.02 Defendant UNT is an active a fulltime University organized under the laws of Texas and is authorized to do business in Texas. Defendant maintains offices at 3500 Camp Bowie Blvd,

Fort Worth, TX 76107. Defendant may be served through its registered agent for service, Alan Stucky, at 801 North Texas Blvd, Room 318, Denton, Texas 76201.

2.03 At all times relevant herein. Plaintiff worked at the Defendant's Fort Worth Offices in the division of "Willed Body."

**III.**

**JURISDICTION AND VENUE**

3.01 Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

3.02 Venue for all causes of actions stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391. This Court also has pendent jurisdiction over state law claims.

3.03 Plaintiff filed a timely charge of discrimination on or about May 16, 2022, and was issued her Notice of Right to Sue on or about July 21, 2022. Plaintiff did not receive her Notice of Right to Sue until approximately July 24, 2022. Plaintiff has filed this lawsuit within 90 days of her receipt of the Notice of Right to Sue.

**IV.**

**FACTUAL ALLEGATIONS**

4.01 Plaintiff is a19 year-old Caucasian female.

4.02 Plaintiff began her employment with Defendant on or about August 1, 2021 and was terminated on or about January 2022. At the time Plaintiff was also full-time student at UNT.

4.03 Plaintiff worked for Defendant as a technician working part-time earning $13/hour.

4.04 In the course of her employment, Plaintiff was sexually harassed by two employees, Braden Smith ("Smith") and Francis Washington. ("Washington") Smith would talk

about his own sex life in the office in an extremely vulgar manner that made Plaintiff extremely uncomfortable.

4.05    Smith while talking either to Plaintiff or in Plaintiff's presence, would openly talk about a having a threesome with pregnant women. Plaintiff has recordings of these conversations.

4.06    Plaintiff told Smith to stop several times. When Smith continued to speak to Plaintiff inappropriately, Plaintiff reported Smith to her manager, who forwarded Plaintiff's report to HR. Plaintiff followed upby contacting Human Resources directly because the Smith continued to engage in the same vulgar and inappropriate behavior.

4.07    Nothing came of Plaintiff's complaint to HR.

4.08    Plaintiff was then sexually harassed repeatedly by Washington, who would touch Plaintiff's her hair, her sides, and make comments on Plaintiff's lip ring such as: "I've always wanted to kiss a girl with a lip ring". Smith would also tell Plaintiff who was lesbian that he "could make her straight" by having sex with her. Smith would deliberately leave his office if he would see Ms. Newell walking down in order to open the door for her, giving him opportunity to see her from behind.

4.09    This latest harassment began in late October. Plaintiff reported Smith to her manager and followed up with her report to HR.

4.10    Plaintiff was taken off the schedule following her s most recent reports of harassment to HR. After Plaintiff was removed from the schedule, she received several texts from her colleagues asking why the supervisors were telling everyone to cut her out of meetings and cut off all communication with her.

4.11    Plaintiff attempted several times to reach out to Human Resources but was never able to speak with anyone from HR and never received a reason for her being taken off the

schedule.

4.12 In talks with the University following her complaints of harassment, Plaintiff's mother came into possession of an email from her supervisor to another supervisor stating that Plaintiff's report corroborated earlier claims against the same individuals who had harassed Plaintiff.

4.13 Consequently, Plaintiff was terminated after she engaged in protected activity in violation of Title VII and Chapter 21 of the Texas Labor Code.

4.14 Plaintiff has not only suffered monetary damages but has also been diagnosed with Post Traumatic Stress Disorder which is a direct result of Plaintiff's endurance of the verbal and physical harassment in the workplace.

## V.

## FIRST COUNT

## UNLAWFUL SEXUAL HARASSMENT AND HOSTILE WORKING CONDITIONS IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) ET SEQ. AND CHAPTER 21 OF THE TEXAS LABOR CODE

5.01 The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02 Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and Chapter 21 of the Texas Labor Code, since Plaintiff belongs and belongs to a class protected under that statute, namely females.

5.03 Defendant is an employer within the meaning of 42 U.S.C. § 2000e(d) Title VII and Chapter 21 of the Texas Labor Code

5.04 Defendant knowingly subjected Plaintiff to a sexually hostile work environment where she was subjected to unwelcome verbal and physical advances by her coworkers based upon her gender in violation of Title VII and Chapter 21 of the Texas Labor Code.

5.05    Plaintiff reported the se unwelcome advances to her manager and Defendant;s HR division and thereafter filed a timely charge of sexual harassment and discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission.

5.06    On Plaintiff received her Right to Sue Letter dated July 21, 2022. Plaintiff timely filed suit against Defendant within 90 days of her receipt thereof.

5.07    As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

    b.    Plaintiff suffered lost wages and related benefits.

5.08    Defendant violated Title VII and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sexual orientation.  Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment. Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

5.09    Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages.  Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

## VI.

### SECOND COUNT
### UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(E) ET SEQ and CHAPTER 21 OF THE TEXAS LABOR CODE

6.01   The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

6.02   Pursuant to 42 US.C. s 2000(E) *et seq.*, an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

6.03   The same provision is found in Chapter 21.055 of the Texas Labor Code.

6.04   Defendant retaliated against Plaintiff after she complained to Defendant about the unwelcome verbal and physical advances and conduct by Smith and Washington.

6.05   Specifically, Defendant terminated Plaintiff's employment for no apparent reason.

6.06   Since Defendant gave no reason for Plaintiff's termination and because Plaintiff had committed no wrongdoing, Defendant's failure to provide a reason raises the presumption that Defendant retaliated against Plaintiff for her protected activity of reporting harassment and intimidation based on her gender. Plaintiff's reports of harassment were protected actions under Title VII and Chapter 21 of the Texas Labor Code.

6.07   Defendant knowingly and willfully retaliated against Plaintiff for her protected activity in violation of Title VII.

6.08   Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights. It was foreseeable by Defendant that Plaintiff would suffer harm as a result of the retaliation and discrimination.

## VII.

## JURY TRIAL DEMANDED

7.01 Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

(4) Damages for past and future mental anguish, emotional distress, and physical distress;

(5) Exemplary damages in an amount to be determined by the trier of fact;

(6) Prejudgment and Post-judgment at the maximum legal rate;

(7) All costs of court;

(8) Attorneys' fees; and

(9) Such other and further relief to which Plaintiffs may be justly entitled.

Date: October 19, 2022.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: _/s/ Nicholas A O'Kelly_

Nicholas A O'Kelly
State Bar No. 15241235
**KILGORE LAW CENTER**
3141 Hood Street,
Suite 500
Dallas, Texas 75219
Tel. (214) 379-0827
Fax (214) 379-0848 T
email: nao@kilgorelaw.com
**ATTORNEY FOR PLAINTIFF
MADISON NEWELL**